FILED
United States Court of Appeals
Tenth Circuit

February 3, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY ALLEN CHIEFLY,

      Petitioner - Appellant,

v.

WARDEN PROVINCE,

      Respondent - Appellee.

No. 09-6215

(W.D. Oklahoma)

(D.C. No. 5:09-CV-00147-M)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Larry Chiefly seeks a certificate of appealability (COA) to appeal the denial of his application under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of § 2254 application). The United States District Court for the Western District of Oklahoma denied the application on the ground that it was untimely. *See id.* § 2244(d). We deny the application for a COA and dismiss the appeal.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In this case no reasonable jurist could debate the correctness of the district court's determination that Mr. Chiefly's application under § 2254 was untimely, as explained in the excellent report and recommendation by the magistrate judge. Indeed, in his brief before this court, Mr. Chiefly does not dispute that § 2244(d) bars his claim. Rather, he challenges the constitutionality of that statutory provision, at least as applied to his claim. But he did not raise that constitutional challenge in district court; so it is not properly before us. *See Hammon v. Ward*, 466 F.3d 919, 926 n.8 (10th Cir. 2006).

Accordingly, we DENY Mr. Chiefly's application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge